UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SHERIE CLEARY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RELOGIO LLC, *doing business as* "COMPLETE CASH DISCOUNT TITLE PAWN,"<br><br>Defendant. | Civil Case No.: |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

1. This collective action is brought by Sherie Cleary ("Plaintiff" or "Cleary"), on behalf of herself and all others similarly situated, by and through her attorneys, Brown, LLC and the Orlando Firm, P.C., against Relogio LLC, doing business as "Complete Cash Discount Title Pawn," to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. At all relevant times, Defendant employed "Store Managers," responsible for soliciting potential customers, processing, and collecting payments from customers, preparing and completing deposits, balancing accounts, and cleaning the stores at which they work.

3. Plaintiff and other Store Managers routinely worked more than forty (40) hours in a workweek, but were not paid an overtime premium for their overtime hours.

4. Plaintiff brings this action on behalf of herself and all similarly-situated individuals for violations of the FLSA. The FLSA overtime claim is asserted as an opt-in collective action under the FLSA. *See* 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because a substational portion of the events that give rise to Plaintiff's claim occurred in this district.

## PARTIES

**Plaintiff**

7. Plaintiff Sherie Cleary is an adult resident of Jones County, Georgia.

8. Plaintiff was employed by Defendant as a Store Manager from approximately September 2017 to February 2019.

9. Plaintiff worked at Defendant's store location at 4320 Mercer University Dr., Macon, GA. 31206.

10. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as Store Managers and similar job titles within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

**Defendant**

11. Defendant Relogio LLC is a Georgia domestic limited liability company with its principal place of business located at P. O. Box 1974, Rome, GA, 30162.

12. Defendant has designated the following registered agent for service of process in Georgia: M. Shane Lovingwood, 1203 Broadrick Drive, Dalton, GA, 30720.

13. Defendant engages in providing 30 day, short-term cash loans for auto vehicles called "title pawns."

## FACTUAL ALLEGATIONS

14. At all relevant times, Defendant has been and "employer" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Upon information and belief, Defendant's gross annual sales has been in excess of $500,000 at all relevant times.

16. Defendant is an "Enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because it has employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

17. As Store Managers, Plaintiff and the similarly situated individuals were responsible for soliciting potential customers, processing, and collecting payments from customers, preparing and completing deposits, balancing accounts, and cleaning the stores at which they worked.

18. Plaintiff and other Store Managers were responsible for handling customer communications, and routinely worked through lunch breaks to attend to incoming customer calls and visits, during which time they were not permitted to leave the premises.

19. Plaintiff was paid a weekly salary of $560.00 for working forty (40) hours a week. Any hours worked over forty were not compensated by her employer at a rate of one-and-one-half (1.5) times her rate of pay.

20. Defendant suffered and permitted Plaintiff and other Store Managers to work more than forty (40) hours per week without overtime pay.

21. Defendant was aware, or should have been aware, that Plaintiff and other Store Managers were performing non-exempt work that required payment of overtime compensation.

22. Defendant failed to pay Plaintiff and other Store Managers an overtime premium for their hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

24. Plaintiff files this action on behalf of herself and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

> All persons who worked as Store Managers or similar job titles for Complete Cash Discount Title Pawn at any time from three years prior to the filing of this Complaint through the date of judgment.

25. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

26. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

27. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay the FLSA Collective members overtime compensation. *See* 29 U.S.C. § 255.

28. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and other members of the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous members of the FLSA Collective who have suffered from the Defendant's practice of denying overtime pay to Store Managers and similar positions who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(on behalf of Plaintiff and the FLSA Collective)**

29. Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

30. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

31. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

32. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective the required overtime compensation.

33. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and those similarly situated, prays for judgment against Defendants as follows:

> A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.  Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.  Judgment against Defendant for violation of the overtime provisions of the FLSA;

D.  Judgment that Defendant's violations of the FLSA were willful;

E.  An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

F.  An award of prejudgment interest (to the extent liquidated damages are not awarded);

G.  An award of reasonable attorneys' fees and costs; and

H.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: June 24, 2019

                                                             RESPECTFULLY SUBMITTED,

                                      By: /s/ Roger W. Orlando
                                          Roger W. Orlando
                                          (GA Bar ID: 554295)

                                                                                                                                                                                                            THE ORLANDO FIRM, P.C.
Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 373-1800 (office)
(404) 373-6999 (fax)
roger@OrlandoFirm.com

*Local Counsel for Plaintiff*

Jason T. Brown
Nicholas Conlon
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Attorneys for Plaintiff*

9