# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **SHERIE CLEARY,** individually and on behalf of others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>**AGORA NOTUS, LLC** and **RELOGIO LLC**, *doing business as* "**COMPLETE CASH DISCOUNT TITLE PAWN**," and **EMPLOYMENT INNOVATIONS, INC.** and **EMPLOYMENT ALLIANCES, LLC**, *doing business as* "**ETOWAH EMPLOYMENT**,"<br><br>       Defendants. | Civil Case No.: 4:19-cv-00130-LMM<br><br>Honorable Leigh Martin May |

## Joint Preliminary Report and Discovery Plan

Pursuant to Fed. R. Civ. P. 26(f) and Rule 16.2 of the Local Rules of the United States District Court for the Northern District of Georgia, Plaintiff SHERIE CLEARY, individually and on behalf of all other similarly situated, (collectively referred to as "Plaintiffs") and Defendants AGORA NOTUS, LLC ("Agora Notus") and RELOGIO, LLC ("Relogio"), by and through their undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1.   **Description of Case:**

   a) **Describe briefly the nature of this action.**

   <u>Plaintiffs allege that Defendants failed to pay the salaried Store Managers overtime at time and a half (1.5) of their regular rate of pay, in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA").</u>

   b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

   <u>Plaintiffs allege the following facts:</u>

   (1) <u>The Store Managers employed by Defendants do not fall under any exemption under the FLSA;</u>

   (2) <u>Defendants required the Store Managers to work overtime on a regular basis;</u>

   (3) <u>Defendants purportedly paid the Store Managers weekly salaries, but deducted pay when they took time off from work;</u>

   (4) <u>Defendants failed to pay the Store Managers wages for hours worked in excess of forty (40) in a work week at no less than time and a half (1.5) of their regular rate of pay;</u>

<u>Agora Notus and Relogio's Position</u>:

Relogio classified their employees who worked as store managers at Agora Notus as exempt from the Fair Labor Standards Act's ("FLSA") overtime requirements for the relevant time period prior to Plaintiff's Complaint. Defendants contend, among other things, that Plaintiff was employed in a bona fide position which exempted her from any FLSA overtime wage requirements. Plaintiff cannot establish a basis for collective action determination of her claims and those whom she wishes to represent, and Plaintiff cannot establish that Defendants violated the FLSA, much less willfully, with respect to the Plaintiff or other current or former employee whom Plaintiff claims are similarly situated.

**c) The legal issues to be tried are as follows:**

Plaintiffs submit the following issues are to be tried by a jury:

    (1)  Whether Plaintiff has waived her FLSA claims;

    (2)  Whether the position of Store Manager at issue was exempt from overtime; and

    (3)  Whether the Store Managers worked overtime and the amount of overtime hours worked.

The following issues are a list of legal issues blended with factual issues to be tried:

(1) Whether Defendants' violations of the FLSA were willful; and

(2) Whether Defendants' conduct was in good faith.

Agora Notus and Relogio's Statement of Legal Issues:

(1) Whether Defendants were Plaintiff's "employers" as defined in the FLSA;

(2) Whether Defendants' businesses were an enterprise covered by the FLSA;

(3) Whether Plaintiff and the position of Store Manager is exempt from the FLSA's maximum hour requirements;

(4) Whether Plaintiffs are similarly situated to each other such that collective proceedings are appropriate;

(5) The amount of unpaid overtime wages, if any, that Plaintiff is entitled to recover;

(6) Whether Defendants' actions were "willful" within the meaning of 29 U.S.C. § 255(a) so as to extend the FLSA's statute of limitations to three years;

(7) Whether Defendants' actions were taken in good faith so as to render an award of liquidated damages discretionary rather than mandatory;

(8) The amount of costs, including reasonable attorneys' fees, if any, that Plaintiff is entitled to recover;

(9) Whether Agora Notus is entitled to prevail on any of its defenses; and

(10) Whether Relogio is entitled to prevail on any of its defenses.

**d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: <u>none.</u>

(2) Previously Adjudicated Related Cases: <u>none.</u>

**2. This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_x\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Jason T. Brown, Esq. and Zijian Guan, Esq. (to be admitted *pro hac vice*)

Lead counsel for Defendant Agora Notus:

Christopher P. Twyman
COX, BYINGTON, TWYMAN & JOHNSON, LLP
711 Broad Street
Rome, Georgia 30161
(706) 291-2002
chris.twyman@cbtjlaw.com

Lead counsel for Defendant Relogio:

Christopher P. Twyman
COX, BYINGTON, TWYMAN & JOHNSON, LLP
711 Broad Street
Rome, Georgia 30161
(706) 291-2002
chris.twyman@cbtjlaw.com

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes    __X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

    (a) The following persons are necessary parties who have not been joined: <u>none.</u>

    (b) The following persons are improperly joined as parties: <u>none.</u>

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: <u>none.</u>

    (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

    Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

    <u>None at this juncture.</u>

    (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.  **Filing Times For Motions**:

    All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

    All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**
The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will serve initial disclosures not later than February 19, 2020.

**9. Request for Scheduling Conference**:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

If Plaintiff's motion for conditional certification is granted, the parties will apply to the Court for a discovery plan as to the conditionally certified collective members. The parties shall also apply to the Court for further instructions and deadlines for a decertification motion by defendants Agora Notus and Relogio, if necessary, and for dispositive motions by the parties.

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

a) Payroll records, paychecks and paystubs.
b) Time keeping records, such as clocking in/out records and ADP records, and any other records reflecting the time that employees worked, such as Storefront activities.
c) Pawn payments and contracts.
d) Labor Posters.
e) Employee personnel files.
f) W-2 Forms and Tax Statements.
g) Personnel/Employee manuals/handbooks/procedures and amendments.
h) Defendants' Orientation Manual(s) for Store Managers.
i) Defendants' time-keeping and compensation policies concerning Store Managers.
j) Documents that Defendants relied on in formulating their pay policies and practices concerning the position of "Store Manager", including, but not limited to, any exemptions or exceptions that Defendants assert under the Fair Labor Standards Act.
k) Emails between Plaintiffs (named Plaintiff Cleary and opt-in Plaintiffs) and Defendants' owner, Kent Popham, managers, and supervisors in connection with and/or related to the allegations in the Complaint.
l) Documents that Defendants submitted to and/or received from any federal or state labor agency.

    m) For the period June 2016 through present, the identity of all current and former Store Managers of Defendants.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties request that the four-month discovery period begin as of the initial Rule 26(f) conference on February 5, 2020 and that all other deadlines be adjusted accordingly.

Plaintiffs anticipate filing a motion for conditional certification of a collective action, which, if granted, would require an opt-in time period. If there is a collective, once the plaintiffs opt-in, there would need to be discovery produced by and for the new plaintiffs. If the certification is granted, the plaintiffs would respectfully request an amended scheduling order at that juncture based on the scope of the collective.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

\_\_\_X\_\_\_\_ Yes _____ No

If "yes,"

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The scope of the production of ESI includes, but not limited to, Plaintiffs' (named Plaintiff Cleary and opt-in Plaintiffs)payroll records, time keeping and reporting records, consisting of numerical data and system programing such as any restrictions and filters, and any electronically stored information from any applications and software that Store Managers utilized at work reflecting the time employees worked. The parties reserve the right to seek discovery, or object to the nature and scope of discovery, as permitted by the Federal Rules of Civil Procedure.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties will meet and confer regarding the format for the ESI production after obtaining a specimen of Plaintiffs' records.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**13.     Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 5, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): s/ Zijian Guan

    Other participants: _____

For defendant: Lead counsel (signature): /s/ Christopher Twyman

    Other participants: M. West Evans, Esq.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (__x__) A possibility of settlement before discovery.
    (__x__) A possibility of settlement after discovery.
    (_____) A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

    None at this juncture.

**14.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| **BROWN, LLC** | **COX, BYINGTON, TWYMAN & JOHNSON, LLP** |
| | |
| s/ Jason T. Brown | /s/ Christopher P. Twyman |
| Jason T. Brown (admitted *pro hac vice*) | Christopher P. Twyman |
| 111 Town Square Place, Suite 400 | Georgia Bar No. 720660 |
| Jersey City, New Jersey 07310 | M. West Evans |
| Telephone: (877) 561-0000 | Georgia Bar No. 131714 |
| Facsimile: (855) 582-5297 | |
| Email: jtb@jtblawgroup.com | 711 Broad Street |
| | Rome, Georgia 30161 |
| *Counsel for Plaintiffs* | Telephone: (706) 291-2002 |
| | Facsimile: (706) 291-6242 |
| | Email: chris.twyman@cbtjlaw.com |
| | Email: west.evans@cbtjlaw.com |
| | |
| | *Counsel for Agora Notus LLC and Relogio, LLC* |

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE