# SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of FLSA Claims ("Agreement") is made and entered into by and between Releasors Sherie Cleary, Shonteria Hamilton, Jermicka Jackson, Rasheedah Sharif, and Dominique Veal (collectively "Releasors" or each "Releasor") and Releasees, Agora Notus, LLC, Relogio, LLC, Employment Innovations, Inc. and Employment Alliances, LLC (collectively "Releasees" or each "Releasee") (Releasees and Releasors are collectively the "Parties" or each "Party"), as follows:

WITNESSETH:

WHEREAS, Releasors have asserted certain claims against Releasees under the Fair Labor Standards Act ("FLSA") arising out of Releasors' employment and alleged employment with Releasees; and

WHEREAS, more specifically, Releasors' claims have been asserted by and through the filing of a lawsuit in the United States District Court for the Northern District of Georgia, Rome Division, captioned <u>Sherie Cleary, individually and on behalf of others similarly situated v. Agora Notus, LLC and Relogio, LLC *doing business as* "Complete Cash Discount Title Pawn," and Employment Innovations, Inc. and Employment Alliances, LLC *doing business as* "Etowah Employment"</u>, Civil Case No. 4:19-cv-00130-LMM (the "Lawsuit"); and

WHEREAS, Releasors together constitute the named Plaintiff and Opt-In Plaintiffs in the Lawsuit, and Releasees together constitute the Defendants in the Lawsuit; and

WHEREAS, Releasees have filed Answers to the Lawsuit, denying all substantive allegations and asserting a number of defenses; and

WHEREAS, the Parties desire to avoid protracted litigation, uncertainty as to the outcome of litigation, the stress and time commitment involved with litigation, and the expenses incident thereto, and desire to resolve the Lawsuit and settle all issues relevant thereto and arising therefrom; and

WHEREAS, the Parties have been able to reach an agreement to settle the claims on the terms contained herein.

NOW, THEREFORE, in consideration of the promises, covenants, compensation, and mutual agreements contained herein, the Parties agree hereto as follows:

1. **Incorporate recitals**. The above recitals are incorporated herein and made part of this Agreement by reference.

2. **Court Approval**. The Parties agree that they will submit this Agreement to the Court for approval and jointly move the Court for approval of this Agreement and the retention of jurisdiction over any disputes which may arise under this Agreement, such that the Court may entertain further proceedings, and enter orders, as the Court may deem necessary. If the Court does not approve the settlement of the FLSA claims under the terms set forth in this Agreement, the Parties agree to negotiate in good faith any modification of this Agreement, to accommodate the basis upon which the Court has refused to approve this Agreement.

3. **Payment/Consideration**. Releasees, together and between them, agree to pay to Releasors a lump sum payment of Thirty Three Thousand and No/100 Dollars ($33,000.00) (the "Settlement Amount"), with Employment Innovations, Inc. and Employment Alliances, LLC (collectively "Etowah") contributing Five Thousand Five Hundred and No/100 Dollars ($5,500.00) of the Settlement Amount and Agora Notus, LLC, Relogio, LLC (collectively "Agora/Relogio") contributing the remaining Twenty Seven Thousand Five Hundred and No Dollars ($27,500.00) of the Settlement Amount in settlement of all of the claims released pursuant to this Agreement.

The Parties agree that this payment includes liquidated damages, and is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and regulations applicable to the status of the Releasees as "employers" under the FLSA.

The Parties attest that this settlement amount was negotiated and agreed upon fairly, separately, and without regard to any negotiations concerning attorneys' fees or litigation costs. The Parties further attest that any attorneys' fees or litigation costs will not be deducted from the payment to Releasors.

4. **Tax Withholding and Reporting**. Releasors understand and agree that one-half (1/2) of the division of the Settlement Amount going to each Releasor as set forth below will be considered settlement of claims for wages, and Releasees will make applicable withholdings from their respective payments and will issue an IRS Form W-2 to each Releasor for each such payment, and that for such amounts Releasees shall be responsible for the employer portion of FICA taxes.

Releasors understand and agree that the remaining one-half (1/2) of the division of the Settlement Amount going to each Releasor as set forth below shall be considered settlement of claims for liquidated damages and/or interest and Releasees will not withhold any amounts from such payments and will issue an IRS Form 1099 to each Releasor for each such payment.

Each Releasor shall be solely responsible for any taxes that may be due on the sums paid to each Releasor.

5. **Settlement Amount Summary**:

Releasees shall pay the Settlement Amount, and Releasors shall be entitled to division and receipt of the Settlement Amount, as follows:

| **Releasor Name** | **Amount** | **Paying Releasee** | **Type of Payment** |
|---|---|---|---|
| Sherie Cleary | $833.33 | Etowah | W2 |
| Sherie Cleary | $833.33 | Etowah | 1099 |
| Sherie Cleary | $4,166.67 | Agora/Relogio | W2 |
| Sherie Cleary | $4,166.67 | Agora/Relogio | 1099 |
| **TOTAL SHERIE CLEARY:** | **$10,000.00** | | |
| Shonteria Hamilton | $350.00 | Etowah | W2 |
| Shonteria Hamilton | $350.00 | Etowah | 1099 |
| Shonteria Hamilton | $1,750.00 | Agora/Relogio | W2 |
| Shonteria Hamilton | $1,750.00 | Agora/Relogio | 1099 |
| **TOTAL SHONTERIA HAMILTON:** | **$4,200.00** | | |
| Jermicka Jackson | $833.33 | Etowah | W2 |
| Jermicka Jackson | $833.33 | Etowah | 1099 |
| Jermicka Jackson | $4,166.67 | Agora/Relogio | W2 |
| Jermicka Jackson | $4,166.67 | Agora/Relogio | 1099 |
| **TOTAL JERMICAK JACKSON:** | **$10,000.00** | | |
| Rasheedah Sharif | $441.67 | Etowah | W2 |
| Rasheedah Sharif | $441.67 | Etowah | 1099 |
| Rasheedah Sharif | $2,208.33 | Agora/Relogio | W2 |
| Rasheedah Sharif | $2,208.33 | Agora/Relogio | 1099 |
| **TOTAL RASHEEDAH SHARIF:** | **$5,300.00** | | |
| Domonique Veal | $291.67 | Etowah | W2 |
| Domonique Veal | $291.67 | Etowah | 1099 |
| Domonique Veal | $1,458.33 | Agora/Relogio | W2 |
| Domonique Veal | $1,458.33 | Agora/Relogio | 1099 |
| **TOTAL DOMINQUE VEAL:** | **$3,500.00** | | |

6. **Attorneys' Fees**. Releasees, together and between them, further agree to pay Brown, LLC, tax identification number 46-1808717, a lump sum payment of Forty-Seven Thousand and No/100 Dollars ($47,000.00) ("Attorney's Fees") with Employment Innovations, Inc. and Employment Alliances, LLC (collectively "Etowah") contributing Fifteen Thousand and No/100 Dollars ($15,000.00) of the Settlement Amount and Agora Notus, LLC, Relogio, LLC (collectively "Agora/Relogio") contributing the remaining Thirty Two Thousand and No/100 Dollars ($32,000.00). The Parties agree that this payment is in compromise and settlement of Plaintiffs' claims for attorneys' fees and costs and shall be in lieu of any and all amounts to which Plaintiffs or their attorneys

are now, or may become, entitled to based on any of the Released Claims, as set forth below. No deductions or withholdings shall be taken from this payment, and this amount will be reported on a Form 1099 issued to Brown, LLC.

       7.    **Payment Compliance**. After Releasors have executed this Agreement, the Settlement Amount and Attorney's Fees will be delivered by Releasees to counsel for Releasors by checks within fifteen (15) business day following the Court issuing an Order approving of this Agreement and dismissing the Lawsuit with prejudice. Said checks shall be made payable to the respective Releasors[1] and Brown, LLC and shall be sent to: Brown, LLC, c/o Zijian "Coco" Guan, 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310, via non-USPS carrier with a tracking number.

       Notwithstanding anything contained in this Agreement to the contrary, the Parties understand and agree that the issues of right, entitlement and amount of attorneys' fees and expenses as asserted in the Lawsuit are specifically reserved, are not negotiated or released by this Agreement, and may continue to be litigated in the Lawsuit.

       8.    **Release**. In consideration of the benefits conferred by this Agreement, the receipt and sufficiency of which are hereby acknowledged, Releasors, for themselves, their heirs, agents, representatives, estates, and assigns do hereby release, acquit, and forever discharge Releasees named above, including each of them individually and each of their parent companies, subsidiaries, predecessors, successors, affiliates (including Workforce Holdings, LLC and Hire Transport, Inc.), agents, representatives, officers, employees, attorneys, owners, members, partners, shareholders, servants, insurers, assigns and all other persons or firms who can or may be liable ("Released Parties"), from any and all wage-and-hour claims, damages, (including but not limited to actual, compensatory, punitive, interest, and liquidated damages), attorneys' fees and litigation expenses and costs that were brought in the Lawsuit, or could have been brought under the facts asserted in the Lawsuit (with both the claims brought in this lawsuit and those that could have been brought under the facts asserted collectively being referred to hereafter as the "Released Claims"), through the date of approval of this Agreement by the Court, and to the extent that such claims arise under the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

       9.    **No Other Claims**. Releasors, individually and collectively, represent that they have not filed, nor assigned to others the right to file, nor are there pending, any complaints, charges, or lawsuits against any of the Released Parties other than the instant Lawsuit. Releasors further represent that they, individually and collectively, do

---

[1] The 1099 Check from Agora/Relogio to Sherie Cleary shall be made payable to "Brown LLC PA IOLTA Trust Account."

not intend to assert further claims against any of the Released Parties related to their prior employment or staffing with any of the Released Parties.

10. **Future Employment**. Releasors will not seek, take, cause or permit to be taken, any action now or at any point in the future to enter into active employment with, or temporary or permanent staffing through, any of the Released Parties, and Releasors agree not to knowingly apply for employment, or temporary or permanent staffing through, at any time henceforth with any of the Released Parties.

11. **Acknowledgement, Dismissal and Withdrawal**. Releasors hereby acknowledges full satisfaction and settlement of all claims and causes of action, excepting only the claim for attorneys' fees and expenses as addressed above. Releasors fully understand that neither they nor any of their heirs, executors, administrators, agents, estates, representatives, or assigns can make any further claim against the any of the Released Parties which has accrued through date of each Releasor's execution of this Agreement. Releasors agree that, subject to approval of this Agreement by the Court, and the settlement of the issue respecting attorneys' fees and expenses, the Lawsuit is ended and directs their attorney to immediately dismiss the Released Claims with prejudice.

12. **Understanding**. Releasors understand and agree as follows: a) this Agreement shall act and operate as a Full and Complete Release of all persons and entities, including all Released Parties, from any and all liability on account of the acts and things above set out; b) that it shall cover all injuries and damages, known or unknown, regardless of whether the injuries or damages are more serious or different than now known or understood to be; c) that it shall not be subject to any claim of mistake of fact; d) that this Agreement expresses a full and complete settlement of the Released Claims against the Released Parties; and e) regardless of the adequacy or inadequacy of the amount paid, it is intended to be and is final and complete.

13. **Disclaimer of Liability**. Releasors specifically agree that this Agreement is one of compromise of potential, doubtful and disputed claims, and that the payment(s) made in settlement thereof is/are not to be construed as an admission of liability or wrongdoing of any kind on the part of the Released Parties, or any of them, and that said Released Parties deny liability of any nature or kind to Releasors. Releasors further agree that neither this Agreement, its terms, the fact that it has been executed, nor any actions taken by the Parties to implement its terms, shall be admissible as evidence or relied on or used in any fashion to support any contention or allegation of wrongdoing of any kind on the part of the Released Parties; provided, however, that in an action to enforce the terms of this Agreement, a true and correct copy of the Agreement and evidence of actions taken pursuant thereto shall be admissible to establish its terms and the performance or nonperformance of any of the Parties' obligations hereunder.

14. **No Subrogation or Lien Interests**.  Releasors understand and agree that they are each solely responsible for satisfying any and all outstanding bills, assignments, liens, demands, actions, and all other suits or claims, in law or equity, to the proceeds due to each of them pursuant to this Agreement.

15. **No Waiver**. No waiver of any provision of this Agreement shall be effective against any Party unless it is in writing and signed by the Party granting the waiver. No waiver of any provision of this Agreement shall be deemed a continuing waiver of a waiver of any other provision.

16. **Entire Agreement**. The Parties understand that this Agreement supersedes all other understandings and agreements, oral or written, between Releasors and Releasees with respect to all disputes between them and constitutes the sole agreement among the Parties. Releasors acknowledge that no representations, inducements, promises, or agreements, oral or written, have been made by any of the Released Parties or by anyone acting on their behalf, which are not embodied in this Agreement, that no agreement, statement or promise not contained in this Agreement shall be valid or binding on the Released Parties, and that the terms of this Agreement are contractual and not a mere recital. Any amendments to this Agreement shall be effective only if in writing, signed by all Parties, and submitted to the Court for approval.

17. **Complete Bar**. Releasors further agree that the consideration paid as part of this Agreement is and shall be a complete bar to any subsequent action or proceeding to set instrument because of a mistake in fact or otherwise.

18. **Governing Law**. This Agreement shall be governed by the laws of the State of Georgia.

19. **Counterparts**. This Agreement may be executive in any number of counterparts, such counterparts considered together shall constitute a single, binding, valid and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile or email shall constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties which are transmitted by facsimile or email shall be deemed to be their original signatures for all purposes.

ALL BELOW SIGNORS HEREBY DECLARE AND REPRESENT THAT BY SIGNING BELOW THEY HAVE EACH CAREFULLY READ THE FOREGOING AGREEMENT IN ITS ENTIRETY OR HAD IT READ TO THEM, HAD THE OPPORTUNITY TO CONSULT WITH THEIR LEGAL COUNSEL REGARDING ITS CONSEQUENCES, AND THAT THEY EACH UNDERSTAND THIS AGREEMENT AND VOLUNTARILY

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

    In witness hereof, the undersigned have executed this Agreement effective June ___, 2020.

*S Cleary*
_____
Sherie Cleary (Plaintiff)
06 / 24 / 2020

Printed:_____
Title:_____
Agora Notus, LLC

_____
Shonteria Hamilton (Plaintiff)

Printed:_____
Title:_____
Relogio, LLC

_____
Jermicka Jackson (Plaintiff)

Printed:_____
Title:_____
Employment Innovations, Inc.

_____
Rasheedah Sharif (Plaintiff)

Printed:_____
Title:_____
Employment Alliances, LLC

_____
Dominique Veal (Plaintiff)

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

 In witness hereof, the undersigned have executed this Agreement effective June ___, 2020.

_____
Sherie Cleary (Plaintiff)

      Printed:_____
      Title:_____
      Agora Notus, LLC

*Shonteria Hamilton*
_____
Shonteria Hamilton (Plaintiff)
06 / 29 / 2020

      Printed:_____
      Title:_____
      Relogio, LLC

_____
Jermicka Jackson (Plaintiff)

      Printed:_____
      Title:_____
      Employment Innovations, Inc.

_____
Rasheedah Sharif (Plaintiff)

      Printed:_____
      Title:_____
      Employment Alliances, LLC

_____
Dominique Veal (Plaintiff)

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

    In witness hereof, the undersigned have executed this Agreement effective June ___, 2020.

| | |
|---|---|
| _____ <br> Sherie Cleary (Plaintiff) | Printed:_____ <br> Title:_____ <br> Agora Notus, LLC |
| _____ <br> Shonteria Hamilton (Plaintiff) | Printed:_____ <br> Title:_____ <br> Relogio, LLC |
| *[signature]* <br> _____ <br> Jermicka Jackson (Plaintiff) <br> 06 / 24 / 2020 | Printed:_____ <br> Title:_____ <br> Employment Innovations, Inc. |
| _____ <br> Rasheedah Sharif (Plaintiff) | Printed:_____ <br> Title:_____ <br> Employment Alliances, LLC |
| _____ <br> Dominique Veal (Plaintiff) | |

Doc ID: 5e47c1c2980e53899653edef4e1fd20a867b4a74

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

In witness hereof, the undersigned have executed this Agreement effective June ___, 2020.

_____
Sherie Cleary (Plaintiff)

Printed:_____
Title:_____
Agora Notus, LLC

_____
Shonteria Hamilton (Plaintiff)

Printed:_____
Title:_____
Relogio, LLC

_____
Jermicka Jackson (Plaintiff)

Printed:_____
Title:_____
Employment Innovations, Inc.

*[signature]*
_____
Rasheedah Sharif (Plaintiff)
06 / 24 / 2020

Printed:_____
Title:_____
Employment Alliances, LLC

_____
Dominique Veal (Plaintiff)

Page **7** of **7**

Doc ID: a32c1b32043c6e02a53397b60d7da2bc32473a94

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

In witness hereof, the undersigned have executed this Agreement effective June ___, 2020.

_____
Sherie Cleary (Plaintiff)

Printed:_____
Title:_____
Agora Notus, LLC

_____
Shonteria Hamilton (Plaintiff)

Printed:_____
Title:_____
Relogio, LLC

_____
Jermicka Jackson (Plaintiff)

Printed:_____
Title:_____
Employment Innovations, Inc.

_____
Rasheedah Sharif (Plaintiff)

Printed:_____
Title:_____
Employment Alliances, LLC

*[signature]*
_____
Dominique Veal (Plaintiff)
06 / 24 / 2020

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

    In witness hereof, the undersigned have executed this Agreement effective June ___, 2020.

_____  
Sherie Cleary (Plaintiff)

Printed: KENT POPHAM  
Title: MANAGER  
Agora Notus, LLC

_____  
Shonteria Hamilton (Plaintiff)

Printed: KENT POPHAM  
Title: MANAGER  
Relogio, LLC

_____  
Jermicka Jackson (Plaintiff)

Printed:_____  
Title:_____  
Employment Innovations, Inc.

_____  
Rasheedah Sharif (Plaintiff)

Printed:_____  
Title:_____  
Employment Alliances, LLC

_____  
Dominique Veal (Plaintiff)

AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

In witness hereof, the undersigned have executed this Agreement effective June 30, 2020.

| | |
|---|---|
| _____<br>Sherie Cleary (Plaintiff) | Printed:_____<br>Title:_____<br>Agora Notus, LLC |
| _____<br>Shonteria Hamilton (Plaintiff) | Printed:_____<br>Title:_____<br>Relogio, LLC |
| _____<br>Jermicka Jackson (Plaintiff) | Printed: _Layton Roberts_<br>Title: _president_<br>Employment Innovations, Inc. |
| _____<br>Rasheedah Sharif (Plaintiff) | Printed: _Layton Roberts_<br>Title: _president_<br>Employment Alliances, LLC |
| _____<br>Dominique Veal (Plaintiff) | |

Page 7 of 7